UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-------------------------------------------------------------------------------------------------------------------
In re:

                                                                                       Bky Case No. 13-31846

Gary Wayne Thompson,
Colleen Teresa Thompson,

                                                                                       Chapter 13 Case

                Debtors.

-------------------------------------------------------------------------------------------------------------------

**NOTICE OF HEARING AND MOTION TO DISMISS CASE AND MOTION
OBJECTING TO CONFIRMATION OF CHAPTER 13 PLAN**

TO: All parties in interest pursuant to Local Rule 9013-3:

     1.     Kyle L. Carlson, chapter 13 trustee (the "trustee"), moves the court for the relief requested below and gives notice of hearing.

     2.     The court will hold a hearing on this motion at 10:00 a.m. on June 13, 2013 in courtroom 2B, Warren E. Burger Federal Building, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

     3.     Any response to this motion must be filed and served not later than June 7, 2013, which is five days before the time set for the hearing, (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

     4.     This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 13 case was filed on April 17, 2013. The case is now pending in this court.

     5.     This motion arises under 11 U.S.C. § 1322 and 1325 and Bankruptcy Rule 3015. This motion is filed under Bankruptcy Rule 9014 and Local Rules 3015-3, 9006-1, 9013-1 through 9013-5, and such other Local Rules as may apply. Movant requests relief with respect to denial of confirmation of the debtors' chapter 13 Plan filed April 17, 2013 (the "Plan"), and dismissal of the case.

     6.     The Plan provides that the debtors will pay the trustee $770 per month for the months May through November, and $370 per month for the months December through April for a period of 60 months, for a total of $34,600 (the "Plan Funds"), with $4,952 to unsecured creditors, for a dividend to unsecured creditors of twenty-one percent (21%).

     7.     The debtor husband is employed by Knife River Corp as a truck driver. His schedule I reflects his net monthly income is $2,857.99. The debtor wife is employed by Cetera Investments Services as a team leader resource center. Her schedule I reflects her net monthly income is $1,757.25. The debtors' combined monthly income totals

$4,615.24. The debtors' schedule J shows expenses of $3,845.24 per month.

8. The debtors' schedule I reflects a monthly payroll deduction for a 401k loan repayment in the amount of $222.65. The trustee received information that the loan would be paid off prior to the end of the plan. The debtors need to modify their Plan to provide for a step-up in plan payments once the 401k loan is repaid.

9. Because the Plan fails to commit all of their disposable income and fails to provide a sufficient return to unsecured creditors, the trustee objects to confirmation of the Plan on the grounds that it does not meet the "disposable income" test of 11 U.S.C. § 1325(b)(1).

10. The debtors' statement of financial affairs at number 2 states they cashed out a 401k in 2012 and received $80,000. The trustee has received information that the debtors used these funds to pay down on a 2008 Subaru Impreza and their son's student loan, which they co-signed. The debtors did not reserve sufficient funds to pay the tax liabilities resulting from this transaction which now results in the general unsecured creditors being paid less and evidences bad faith. The trustee needs additional information concerning when the student loans were paid off to determine if any preferential payments were made on unsecured debt as this would affect the best interest test set forth in 11 U.S.C. §1325(a)(4) and the good faith requirement set forth in *11 U.S.C. § 1325(a)(3)*.

11. The trustee objects to confirmation of the Plan on the grounds that the debtors' Plan does not meet the good faith requirement set forth in *11 U.S.C. § 1325(a)(3)*. The debtor proposing a Plan under Chapter 13 must show that "the Plan has been proposed in good faith…. *11 U.S.C. § 1325(a)(3)*. *In re Soost,* 290 B.R. 116 (Bankr.D. Minn. 2003).

12. For the reasons set forth above, the debtors' chapter 13 Plan does not meet the requirements of 11 U.S.C. § 1325(b)(1)(B) and should not be confirmed.

13. Pursuant to 11 U.S.C. § 1325(a)(1), "the Court shall confirm the debtors' chapter 13 plan if the plan complies with the provisions of this chapter and with the other applicable provisions of this title."

14. The debtors bear the burden of proving that requirements for confirming their chapter 13 plan have been met. *In re Baird*, 234 B.R. 546 (Bankr. M.D.Fla. 1999); *In re Davis*, 239 B.R. 573 (10th Cir. B.A.P. (Okla) 1999); *In re Letsch*, 234 B.R. 208 (Bankr.D.Mass. 1999); *In re Lessman*, 159 B.R. 135 (Bankr.S.D.N.Y. 1993).

15. If necessary, the debtors and an employee of the trustee may be called to testify as to the matters alleged in this motion.

WHEREFORE, the trustee moves the court for an order denying confirmation of the debtors' chapter 13 Plan filed April 17, 2013, dismissal of this case and such other relief as may be just and equitable.

Sullivan Law Firm, P.A.

Dated: May 30, 2013.

By: /e/ Patti J. Sullivan
Patti J. Sullivan, ID # 170124
Counsel for Chapter 13 Trustee
1595 Selby Avenue, Suite 205
St. Paul Minnesota 55104
(651) 699-4825

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

    Gary Wayne Thompson,
    Colleen Teresa Thompson,

                Debtors.

Bky Case No. 13-31846

Chapter 13 Case

---

VERIFICATION

      I, Kyle L. Carlson, chapter 13 trustee, Movant named in the foregoing Notice of Hearing and Motion Objecting to Confirmation of the Chapter 13 Plan and for Dismissal of Case, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed: May 30, 2013.

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

In re:

Gary Wayne Thompson,
Colleen Teresa Thompson,

Debtors.

Bky Case No. 13-31846

Chapter 13 Case

---

**MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION AND MOTION TO DISMISS**

FACTS

The facts supporting the trustee's objection are summarized in the accompanying motion and will not be repeated here. The trustee also relies upon the verified schedules on file and of record herein.

LEGAL DISCUSSION

Pursuant to 11 U.S.C. § 1325(b)(1)(B), in order to survive an objection by the trustee or an unsecured creditor, a plan must either pay all claims in full or provide that all of the debtor's projected disposable income for the applicable commitment period will be applied to make payments to unsecured creditors under the plan.

Post October 17, 2005, "disposable income" is defined in 11 U.S.C. § 1325(b)(2)(A) as "current monthly income received by the debtor (other than child support payments, foster care payments or disability payments for a dependent child made in accordance with applicable non-bankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended… for the maintenance or support of the debtor or a dependent of the debtor…" The Supreme Court has now made it clear that all of a debtor's disposable income on a going-forward basis should be contributed to payments under a Chapter 13 plan. *Hamilton v. Lanning,* 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010). *In re Frederickson* 545 F. 3d 652 (8th Cir. 2008).

In the present case, the debtor's schedule I reflects a monthly payroll deduction for a 401k loan repayment in the amount of $222.65. The trustee received information that the loan would be paid off prior to the end of the plan. The debtors need to modify their Plan to provide for a step-up in plan payments once the 401k loan is repaid.

Because the Plan fails to commit all of their disposable income and fails to provide a sufficient return to unsecured creditors, the trustee objects to confirmation of the Plan on the grounds that it does not meet the "disposable income" test of 11 U.S.C. § 1325(b)(1)(B). *Hamilton v. Lanning,* 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010). *In re Frederickson* 545 F.3d 652 (8th Cir. 2008). The Plan should be modified and confirmation should be denied until that occurs.

      The trustee also objects to confirmation of the Plan on the grounds that the debtors' Plan does not meet the good faith requirement set forth in *11 U.S.C. §1325(a)(3)*. The debtor proposing a Plan under Chapter 13 must show that "the Plan has been proposed in good faith…. *11 U.S.C. § 1325(a)(3)*. *In re Soost,* 290 B.R. 116 (Bankr.D. Minn. 2003).

      The trustee asserts that the debtors' cashing out of the 401K at the expense of their unsecured creditors and the tax liabilities associated with the transaction evidences bad faith in connection with the bankruptcy relief the debtors now seek. The trustee needs additional information concerning when the student loans were paid off to determine if any preferential payments were made on unsecured debt which could affect the best interest test set forth in 11 U.S.C. §1325(a)(4) and the good faith requirement set forth in *11 U.S.C. § 1325(a)(3)*.

## CONCLUSION

      For the reasons stated herein, the trustee respectfully requests that confirmation of the debtors' chapter 13 Plan be denied and the case be dismissed.

Sullivan Law Firm, P.A.

Dated: May 30, 2013.

/e/ Patti J. Sullivan
Patti J. Sullivan, ID # 170124
Counsel for Chapter 13 Trustee
1595 Selby Avenue, Suite 205
St. Paul Minnesota 55104
(651)-699-4825

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

In re:

                                                Bky Case No. 13-31846

Gary Wayne Thompson,
Colleen Teresa Thompson,

                                                Chapter 13 Case

                Debtors.

---

### CERTIFICATE OF SERVICE

      I, Patricia A. McCollough, hereby certify that a true and correct copy of the Notice of Hearing and Motion to Dismiss Case and Motion Objecting to Confirmation of Chapter 13 Plan, Memorandum of Law, and proposed Order was served, sent electronically or via U.S. First Class Mail, postage pre-paid, to the following on this 30th day of May, 2013:

United States Trustee  
ustpregion12.mn.ecf@usdoj.gov

Robert S. Thyen  
robb@hellerthyen.com

Gary Wayne Thompson  
510 24 ½ Ave NE  
Sauk Rapids, MN 56379-9581

Colleen Teresa Thompson  
510 24 ½ Ave NE  
Sauk Rapids, MN 56379-9581

      And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: May 30, 2013.                    /e/ *Patricia A. McCollough*  
                                                Legal Assistant  
                                                Sullivan Law Firm, P.A.  
                                                1595 Selby Avenue, Suite 205  
                                                St. Paul, MN 55104  
                                                (651) 699-4825

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

In re:

                                                                                    Bky Case No. 13-31846

Gary Wayne Thompson,
Colleen Teresa Thompson,

                                                                                    Chapter 13 Case

                    Debtors.

---

### ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN
### AND FOR DISMISSAL OF CASE

At St. Paul, Minnesota, June 13, 2013.

The above-entitled matter came on for hearing before the undersigned United States Bankruptcy Judge on the chapter 13 trustee's objection to confirmation of the debtor's chapter 13 plan and dismissal of case. Appearances were noted in the minutes.

Upon the foregoing objection, arguments of counsel, and all of the files, records and proceedings herein:

IT IS ORDERED:

1. Confirmation of the debtors' chapter 13 plan filed April 17, 2013 is DENIED; and

2. This case is DISMISSED.

                                                                                 Dennis D. O'Brien
                                                                                 United States Bankruptcy Judge